GLEASON, District Judge,
concurring in part, dissenting in part:
I join Part II of the majority disposition, dismissing the sentencing challenges as moot.
In Part I, the majority holds that the district court did not abuse its discretion when it precluded Limon-Juvera from introducing certain evidence. I respectfully dissent from that portion of the Court’s determination.
At trial, the Government’s proof on the element of alienage was limited to Limon-Juvera’s admissions of citizenship to agents and in prior proceedings. Following the Government’s case, Limon-Juvera sought to introduce evidence that in proceedings before an immigration judge in 2011 he had claimed to be a United States citizen.[1] The district court denied Limon-Juvera’s request, holding that the proposed evidence had “the potential for undue consumption of time ... prejudice to the Government’s case ... [and] lack[ed] true relevance to the issue in dispute.”
“The Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense” and “to put before a jury evidence that might influence the determination of guilt.” United States v. Evans, 728 F.3d 953, 959 (9th Cir.2013) (internal quotation marks omitted). To that end, “[d]efendants are largely free to put on whatever relevant evidence they wish in an attempt to create reasonable doubt about an element of the offense in the mind of the jury, without meeting any burden of production or proof.” United States v. Sandoval-Gonzalez, 642 F.3d 717, 723 (9th Cir.2011). Indeed, a criminal defendant is “entitled to exploit weaknesses in the prosecution’s case” even when he does not have a good faith belief in the factual validity of his defense. United States v. Hernandez-Meza, 720 F.3d 760, 765 (9th Cir.2013).
“[B]y the statute’s plain terms, alienage is a core element of the § 1326 offense.” Sandoval-Gonzalez, 642 F.3d at 722. Here, the Government’s proof on alienage consisted solely of Limon-Juvera’s prior admissions. In barring Limon-Juvera from introducing his previous assertion to the contrary, the district court excluded what was effectively Limon-Juvera’s only defense to the charge. See Evans, 728 F.3d at 965 (“A decision regarding probative value must be influenced by the availability of other sources of evidence on the point in question.” (Quoting United States v. Wiggan, 700 F.3d 1204, 1213 (9th Cir.2012).)). Given our precedents, I would hold that it was error to bar Limon-Juvera from presenting evidence to rebut the government’s reliance on his prior admissions.
Because we have held that barring a defendant from challenging an element of the charged crime is structural error, I would reverse and remand for a new trial. See United States v. Smith-Baltiher, 424 F.3d 913, 922-23 (9th Cir.2005); see also Evans, 728 F.3d at 966.

. The immigration court found that Limon-Juvera had not established citizenship.